## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

Sherry Lynn Graham                                                    Plaintiff

v.                              No. 4:15-CV–101-JLH-PSH

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                        Defendant

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge J.
Leon Holmes.  A party to this dispute may file written objections to this
recommendation.  An objection must be specific and state the factual and/or legal basis
for the objection.  An objection to a factual finding must identify the finding and the
evidence supporting the objection.  Objections must be filed with the clerk of the court
no later than 14 days from the date of this recommendation.[1]  The objecting party must
serve the opposing party with a copy of an objection.  Failing to object within 14 days
waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Holmes
may adopt the recommended disposition without independently reviewing all of the
record evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Sherry Lynn Graham seeks judicial review of the denial of her application for disability insurance benefits (DIB).[3]  Graham alleges she has been disabled since June 15, 2007, when she quit her job at a poultry plant.[4]  She bases disability on scoliosis, depression, anxiety, migraines, and cholesterol[5].

**The Commissioner's decision**.  The Commissioner's ALJ properly considered whether Graham was disabled from June 15, 2007 — the alleged onset date — to December 31, 2012 — the date insured status expired.  About this time period, the Commissioner's ALJ identified severe impairments: scoliosis, obesity, back pain, and migraine headaches.[6]  The ALJ determined Graham could have done some light work, to include past work.[7]  The ALJ identified other work Graham could have done. Because work existed that Graham could do, the ALJ concluded that Graham was not disabled and denied the application.[8]

---

[3]SSA record at p. 161 (applying for DIB on February 22, 2012 and alleging disability beginning June 15, 2007).

[4]*Id*. at p. 178 (reporting that she stopped working because her husband had an accident and she had to care for him).

[5]*Id*. at p. 177.

[6]*Id*. at p. 23.

[7]*Id*. at pp. 25-28.

[8]*Id*. at pp. 28-30.

After the Commissioner's Appeals Council denied review,[9] Graham filed this case to challenge the decision.[10]  The recommended disposition explains why the court should affirm the decision.

**Graham's allegations**.  Graham challenges the evaluation of her credibility and the determination that she could have worked before insured status expired.  She contends substantial evidence does not support the decision.[11]

**Applicable legal principles**.  In reviewing a decision denying an application for DIB, the court must determine whether substantial evidence supports the decision.[12]  Substantial evidence exists if a reasonable mind will accept the evidence as adequate to support the decision.[13]  To obtain DIB, a claimant must prove she was disabled before insured status expires.[14]  A reasonable mind will accept the evidence as adequate to support the decision for the following reasons:

---

[9]*Id*. at p. 1.

[10]Docket entry # 1.

[11]Docket entry #s 12 & 17.

[12]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[13]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[14]*See* 42 U.S.C. §§ 416(i), 423(c).  "In order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status."  *Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998).

1. **Inconsistencies support the credibility evaluation**.  Before determining a claimant's ability to work, the ALJ must evaluate the claimant's credibility because "subjective complaints play a role…."[15]  The ALJ may discount subjective complaints "if there are inconsistencies in the evidence as a whole."[16]

One of the most probative inconsistencies is the difference between Graham's reasons for not working.  Initially, she reported that she stopped working to care for her disabled husband.[17]  Thirteen months later, she testified that she stopped working because of back pain.[18]  The difference in these explanations undermines Graham's credibility.

The difference between Graham's subjective complaints and medical findings also undermines her credibility.  Treatment records document medical visits for routine checkups, minor ailments, menopause symptoms, and medication refills,[19] but no

---

[15]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[16]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[17]SSA record at pp. 178.

[18]*Id*. at pp. 84-86 (stating that she quit working because of back pain, not because her husband lost a leg).

[19]*See, e.g., id*. at p. 276 (Sept. 24, 2007, well woman exam and hot flashes), p. 286 (Mar. 10, 2008, bronchitis and medication refills), p. 290 (Sept. 23, 2008, allergies), p. 322 (Dec. 28, 2009, cough and urinary tract infection), p. 308 (Nov. 30, 2011, breast exam), p. 305 (Jan 26, 2012, pickup medications, vaginal dryness, low back pain), p. 366 (Mar. 12, 2012, migraine medication and left shoulder strain), p. 378 (May 22, 2012, back pain radiating to right hip), p. 412 (Oct. 31, 2012, lab work and pickup medications) & p. 408

disabling symptoms.  The ALJ properly relied on these inconsistencies in discounting Graham's credibility.

   2. **Treatment controlled Graham's impairments**.  "An impairment which can be controlled by treatment or medication is not considered disabling."[20]  Before insured status expired, Graham was treated for the impairments forming the basis of her claim: migraine headaches, depression,[21] anxiety,[22] high cholesterol, and sciatica.[23]  The two most probative aspects of treatment are: (1) the conservative nature of treatment , and (2) the fact that Graham worked with the impairments.  Working and receiving treatment shows treatment controlled Graham's symptoms.  The ALJ properly relied on the effect of treatment and the fact that Graham worked with her  impairments.[24]

   3. **Medical evidence shows no disabling symptoms.**  A claimant must prove disability with medical evidence; her allegations are not enough to prove she is

---

(Dec. 4, 2012, breast exam).

   [20]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

   [21]SSA record at p. 259 (June 12, 2006, migraines and depression).

   [22]*Id*. at p. 269 (Dec. 14, 2006, anxiety).

   [23]*Id*. at p. 265 (Sept. 28, 2006, high cholesterol and sciatica).

   [24]*Id*. at p. 27.

disabled.[25]  Seven months before insured status expired, diagnostic imaging showed a

severe scoliotic curvature, and severe facet joint degenerative changes at levels L4/5 and

L5-S1, of the lower spine.[26]  These findings support  complaints of low back pain.[27]

Agency medical  experts limited Graham to light work with postural limitations based

on back pain and a history of scoliosis.[28]

Agency mental health experts characterized depression and anxiety as non-

---

[25]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other
symptoms shall not alone be conclusive evidence of disability…; there must be medical
signs and findings, established by medically acceptable clinical or laboratory diagnostic
techniques, which show the existence of a medical impairment…which could
reasonably be expected to produce the pain or other symptoms alleged and
which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R.
§ 404.1508 ("A physical or mental impairment must be established by medical evidence
consisting of signs, symptoms, and laboratory findings, not only by your statement of
symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms
will not alone establish that you are disabled; there must be medical signs and
laboratory findings which show that you have a medical impairment(s) which could
reasonably be expected to produce the pain or other symptoms alleged and which,
when considered with all of the other evidence (including statements about the
intensity and persistence of your pain or other symptoms which may reasonably be
accepted as consistent with the medical signs and laboratory findings), would lead to a
conclusion that you are disabled.").

[26]SSA record at p. 404.

[27]Jennifer Roggenbuck & Monique Laberge, "Scoliosis," 5 The Gale Encyclopedia
of Med. 3871 (4th ed.) ("While a small degree of lateral curvature does not cause any
medical problems, larger curves can cause postural imbalance and lead to muscle
fatigue and pain.").

[28]SSA record at pp. 352-59 & 403.

6

severe.[29]  Periodically, Graham took anti-depressant and anti-anxiety medication, but she received no professional mental health treatment.  In the absence of controverting medical evidence, the ALJ properly relied on expert medical assessments.

Graham contends the ALJ should have ordered consultative exams before determining her ability to work, but the record contains sufficient evidence to determine whether she was disabled.[30]  Graham sought medical treatment often enough that medical providers would have documented disabling symptoms if she had such symptoms.  A reasonable mind will accept the evidence as adequate to support the decision, because there is no evidence of disabling symptoms before insured status expired, and because medical experts opined that Graham could do some light work.

4.  **Vocational evidence supports the decision**.  After determining a claimant's ability to work, the ALJ determines whether the claimant can do her past work.[31]  A claimant who can do her past work is not disabled.[32]  The ALJ may consult a vocational

---

[29]*Id*. at pp. 334 & 400.

[30]*Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.").

[31]20 C.F.R. § 404.1520(a)(4).

[32]*Id*.

expert to determine whether the claimant can do her past work.[33]

The ALJ asked a vocational expert to classify Graham's past work.  The vocational expert classified one of Graham's poultry jobs as sedentary work, and her jobs as a molding machine operator and veneer matcher as light work.[34]  According to the vocational expert, these jobs can be done with the ALJ's postural limitations.[35] Graham's argument that her symptoms prevented her from doing her past work depends on properly rejected subjective complaints.  A reasonable mind will accept the evidence as adequate to show Graham could have done her past work before insured status expired, because past work did not exceed her ability to work.

The ALJ also asked about other work that a person with Graham's limitations can do.  The vocational expert identified cashier II, production assembler, and document preparer as representative available work.[36]  This evidence shows work existed that Graham could have done before insured status expired, regardless of

---

[33]20 C.F.R. § 404.1560(b)(2) ("In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.").

[34]SSA record at p. 100.

[35]*Id*. at p. 25 (requiring occasional climbing ladders/ropes/scaffolds, balancing, stooping, kneeling, crouching, or crawling).

[36]*Id*. at pp. 101-02.

whether such work existed where she lived, whether a job vacancy existed, or whether she would have been hired if she had applied for work.[37]

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision.  The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING the request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 13th day of January, 2016.

_____
United States Magistrate Judge

---

[37]42 U.S.C. § 1382c(a)(3)(B).